## LEE vs. CLARK, ROSSER & COMPANY.

An instrument which provided that in consideration of provisions and supplies furnished by claimants to defendant, with which to carry on a certain farm, the latter agreed that the crop so raised should belong to them; that he would cultivate and prepare it for market, and deliver to them by October 15th thereafter, or in lieu thereof pay them $500.00, that on failure so to do, he should be considered liable for a breach of trust, and they could either take possession of the crop or sue for that amount, with twelve per cent. interest, costs and attorneys' fees; that in order to secure the fulfilment of the contract, defendant conveyed and delivered to claimants certain personalty which was, however, to remain in his possession; that defendant waived homestead and exemption rights, was a mortgage and did not convey title.

Mortgage. Title. Contracts. Claim. Before Judge HALL. Newton Superior Court. September Adjourned Term, 1877.

A *fi. fa.* in favor of Lee against Cook, was levied on certain cotton and corn, and also on certain horses and mules ; all the property was claimed by Clark, Rosser & Co.; the jury found for claimants ; plaintiff moved for a new trial, which was refused, and he excepted. For the other facts see the decision.

EMMETT WOMACK, for plaintiff in error, cited 9 *Ga.*, 151; 43 *Ib.*, 262; 49 *Ib.*, 133; Code, §1969; 59 *Ga.*, 507.

CLARK & PACE, for defendants.

WARNER, Chief Justice.

This case was a claim case, on the trial of which the jury, under the charge of the court, found the property not subject to the *fi. fa.* levied thereon. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiff excepted.

The judgment on which the *fi. fa.* issued was obtained in September, 1876, the levy having been made on the property in the possession of the defendant, on the 31st of October, 1876. The claimants claimed title to the property levied on under the following instrument, and two others exactly like it, except one was dated the 6th of June, 1876, and the sum of $300 00 was to be paid by the 15th of October, 1876, and the other was dated 4th of September, 1876, and the sum of $1,000.00 was to be paid by the 15th of October, 1876.

"GEORGIA, Newton County.

"In consideration of corn, meat, flour, molasses, provisions furnished me by Clark, Rosser & Co., agents, to assist me in cultivating and gathering the crops of the present year, on the lands following: one hundred and fifty acres of land on which I now reside, I hereby promise and agree that said crops so grown and cultivated shall belong to Clark, Rosser & Co., agents, and that I, as their agent, will prepare said crops for market, and deliver the same to them or their agent, at Covington, on or before the 15th of October next, or in lieu of said crops, I will pay said Clark, Rosser & Co. the sum of five hundred dollars by the day above fixed. On failure to deliver said crops grown on said land, or pay the above sum by the time fixed, I to be liable for breach of trust, or said Clark, Rosser & Company, agents,

may take possession of the said crops, or sue for amount due, which is to bear twelve per cent. interest, costs and attorneys' fees if sued. In order to secure the proper fulfilment of the foregoing contract in good faith, I hereby sell the following personal property owned and in my possession, and though I continue to use, the possession of said property is hereby delivered to Clark, Rosser & Co.: one dark brown mule, about ten years old, one light bay mule about ten years old, one bay horse about twelve years old, one gray mule about ten years old, one sorrel horse about eight years old. I hereby waive exemption of personalty as authorized by law, on all the property named in this contract as well as the crop.

" In witness whereof I have hereunto set my hand and seal, this 28th day of March, 1876.

" In presence of             REUBEN COOK. [L.S.]"
" CARLYLE CALLOWAY."

Did the foregoing instrument convey the legal title to the defendant's crop and the other property mentioned therein to the claimants, or is it in its legal effect a mortgage to secure the payment of the sum of $500.00 to Clark, Rosser & Co., by the 15th of October, 1876, for provisions furnished by them to Cook, to enable him to make his crop for that year? Construing this instrument in the view of the acts and conduct of the parties to it, we think it was a mortgage on the crop to secure the payment of the $500.00 due by the defendant to Clark, Rosser & Co., for provisions furnished him to enable him to make it, and that it was a mortgage on the horses and mules to secure the performance of the defendant's covenant and agreement as stipulated in the instrument. The fact that the claimants took from the defendant two similar instruments on the 6th of June and on the 4th of September for other advances made by them to the defendant, negatives the idea of a sale of the property by the defendant to them on the 28th of March, 1876. If it became the property of the claimants on the

28th of March, 1876, surely they would not have purchased back their own property on the 6th of June and 4th of September thereafter, there being no evidence of any reconveyance of the property by the claimants to the defendant after the 28th of March, 1876. Besides, the defendant was required to waive his homestead exemption upon all the property named in the contract, and did waive it, which would not have been necessary if it had been a sale of the property, as the defendant could not have had a homestead exemption in the claimants' property.

In view of the provisions of the instrument and the acts and conduct of the parties to it, our best judgment is, that it is a mortgage, and did not convey the legal title to the property therein mentioned to the claimants, and that the court erred in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be reversed.